### AQUARAMA CO. v. OLD MILL CO. et al.

(Circuit Court, E. D. New York. July 18, 1903.)

1. PATENTS—INFRINGEMENT—PLEASURE CANALS.

In order to avoid infringement of the Pickard patent, No. 448,072, for the construction of canals, by following the expired English patent to the same inventor, there must be an opening at the end of the mid-wall sufficiently wide to permit the free flow of the water from one side of the canal to the other.

In Equity. Suit for infringement of letters patent No. 448,072 for construction of canals, granted to Arthur Pickard March 10, 1891.

Kenyon & Kenyon, for complainant.
Edward Hymes, for defendants.

THOMAS, District Judge. The change made by the defendants with reference to the mid-wall of their canal is not substantial. Six inches of the mid-wall longitudinally have been removed, and, as understood, the water passing through the opening is 8 inches deep near the upper end and 4 inches deep near the lower end, while the canal itself is 51 inches wide, and the water there is some 12 inches deep. The flow of water around the end of the wall nearest the lock is still practically uninterrupted. The English specification states:

"By this arrangement of paddle wheels the stream is caused to flow in two directions as shown by arrows, and by such stream the boats are moved in such directions and separated from each other by the mid-feather or wall, D,

as shown at Fig. 2. * * * Instead of producing the stream of water artificially, as above described, when the supply of water is large from natural sources, the mid-feather or wall, D, may be continued up to the lock gates at one end, so that the connection at that end is stopped, and the stream of water being let in at one side of the wall or mid-feather, D, passes along that side and round the other or open end, and continues its course down the opposite side, discharging itself through a sluice or other opening at the other side of the mid-feather or wall, but at the same end as the water had previously been admitted."

The English patent shows an artificial stream, enabled to flow around the ends of the wall. This free flow the defendants interrupt. It seems also that the English inventor intended that the boat might follow the stream, although the figure does not show a space at the end of the wall equal to the usual width of the canal. In any case, there is not at present a free flow around the defendants' mid-wall. There may be doubt whether the space should be sufficiently wide to allow the passage of a boat, but it should be sufficiently wide not to interrupt practically the water as it sets back. How wide or narrow the opening may be or should be may admit of doubt, but it is now determined that a passage six inches wide, permitting a flow of water of the depth above described, is not sufficient to differentiate the defendants' canal from the complainant's invention.

It is appreciated that an injunction embodying the views here stated would prevent the defendants from using their canal during the present season, and that thereafter the defendants would be without redress, even though they should seek to review the present determination. In view of possible error in the present decision, it is thought that it would be just to permit the defendants to continue the operation of their canal, provided they enter into an absolutely satisfactory bond for making just payment for the use of complainant's invention during the present season, provided upon an appeal from the order to be entered hereon there should be an affirmance thereof. If the parties cannot agree upon such compensation, the court will determine it. Such an arrangement would give to the defendants the use of the canal during the season, if they are entitled to it, and would give the complainant compensation for the infringement of its patent, if it be entitled thereto.